IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY LEE MILLER, #105774, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )     Case No. 2:20-cv-458-ECM-CWB ) |
| LT. JOHNSON and CO JENKINS, | ) ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.  Procedural Background**

Roy Lee Miller, a *pro se* inmate, filed a complaint pursuant to 42 U.S.C. § 1983 alleging mistreatment by two prison officials while he was incarcerated at Bullock Correctional Facility. (Doc. 1).  Miller specifically alleges that the officials conspired against him, slandered him, and harassed him by telling "the 3rd shift nurse about [his] being a homosexual," "protest[ing] [his] parole," shining a blue light on him and "turning [it] off and on" while he was in the shower, hiring inmates "to watch [him] 24 hrs. a day whenever [he] took a bath," and telling other officers that he was using drugs, which led to being drug tested three nights in a row. (*Id*. at pp. 5-6).  Miller further states that one of the defendants "has let several inmates masturbate on her while she was in the cube" and that he has been "denied to mail out letters or receive mail." (*Id*. at p. 6).  According to Miller, such actions "have caused [him] great embarrassment and threats from other inmates." (*Id*.).  For relief, Miller is seeking $50,000 in monetary damages and demands that "the protest on parole" be dropped. (*Id*. at p. 4).

1

Named as defendants are Correctional Officers Jeffery Johnson and Shalie Jenkins, both of whom were employed at Bullock Correctional Facility at the time of the alleged events. (*Id*. at p. 1; Doc. 13 at p. 1). The defendants jointly filed a Special Report and Answer (Doc. 13), along with sworn affidavits (Docs. 13-1 through 13-3) and supplements (Docs. 15, 17). After reviewing the defendants' submissions, the court directed Miller to file a written response that was supported by affidavits or other statements made under penalty of perjury. (Doc. 18). Miller in turn filed a timely response. (Doc. 19).

The parties were previously given notice that, after expiration of the time for Miller to file a response, "the court may ... and without further notice to the parties (1) treat the special report, as supplemented, and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment[,] whichever is proper, and (2) after considering any response ..., rule on the dispositive motion in accordance with the law." (Doc. 18 at p. 3). Pursuant to that disclosure, the undersigned will now treat the defendants' Special Report as having presented arguments for summary judgment and will recommend that summary judgment be granted in favor of the defendants on all claims.

II.     **Summary Judgment Standard**

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that judgment is due to be entered as a matter of law. *See* Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party … . [A fact] is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied that burden, the nonmovant is required to cite portions of the record showing a genuine dispute of material fact. *Id.* at 324. The nonmovant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish a genuine dispute of material fact, the nonmovant must produce evidence such that a reasonable trier of fact could return a verdict in its favor. *See Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

In determining whether a genuine dispute of material fact exists, the court must view all of the evidence in a light most favorable to the nonmovant and draw all justifiable inferences from the evidence in the nonmovant's favor. *See McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *see also* Fed. R. Civ. P. 56(a). Nonetheless, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.   Relevant Facts[1]

The following facts are derived from Miller's verified complaint (Doc. 1), the sworn evidentiary materials attached to the defendants' Special Report and supplements (Docs. 13-1,

---

[1] The "facts" as set forth herein are merely for purposes of summary judgment and may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("[W]hat we state as 'facts' … for purposes of reviewing the rulings on the summary judgment motion [] may not be the actual facts.") (citation omitted).

13-2, 13-3, 15-1, 17-1, 17-2), and Miller's response to the defendants' submissions (Doc. 19).[2]

Miller's verified complaint contains the following allegations:

> The conspiracy against me started with Lt. Johnson[']s informant, Melvin Rogers, who went to the shift office and told Lt. Johnson that I was a homosexual. Then Lt. Johnson went to the infirmary and slandered my name to the 3rd shift nurse about me being a homosexual. Inmate Dan gave Melvin Rogers 15 items for the plot against me, which was part of the conspiracy against me. … Lt. Johnson conspired against me by getting C/O Jenkins to protest my parole. … C/O Jenkins shined a blue light in the shower sexually harassing me while I was in the shower bathing[.] She kept turning her blue light off and on, while pointed it at me. … Lt. Johnson hired 5 inmates to watch me 24 hrs. a day whenever I took a bath. … Lt. Johnson also told other officers that I was using drugs. They woke me up 3 nights in a row to drug test. I was harassed and slandered in this way and passed every drug test that I took. … I have been denied to mail out letters or receive mail since March of 2020. … All of the above statements have caused me great embarrassment and threats from other inmates.

(Doc. 1 at pp. 5-6).

The defendants wholly deny Miller's allegations. They aver that they did not conspire against Miller, that they did not slander Miller by telling a nurse in the infirmary that he was a homosexual, that they did not work together to protest Miller's parole, that they did not consult one another regarding Miller, that they did not harass Miller by shining a light on him in the shower, that they did not hire other inmates to watch Miller bathe, that they did not tell other officers that Miller uses drugs, and that did not deny Miller the ability to send or receive mail. (Docs. 13-2, 13-3, 15-1, 17-1, 17-2).

---

[2] It does not appear that all of the allegations in Miller's response are properly sworn or verified, as his response is made up of several seemingly separate documents and only the last document is attested by a notary public. (*See* Doc. 19). The sworn document references a "supplemental affidavit," but it is not clear to which specific document reference is being made. The response as a whole simply reiterates the allegations already contained in the verified complaint and, as will be discussed below, such allegations are insufficient to defeat summary judgment. Because consideration of the entire response would not affect the outcome, the undersigned will construe Miller's *pro se* response liberally and consider all of the statements therein as having been properly sworn before a notary public.

In his response, Miller asserts again that he "was called (slandered) a homosexual," that Defendant Jenkins did protest his parole, that Defendant Jenkins did "shine a blue CO's flashlight at [him] while in the shower ... for about 15 minutes," that he "was forced to take 3 urine test[s] back to back," and that his "mail was held or actually cut off." (Doc. 19).

IV. Discussion

    A.    **Miller has failed to establish a genuine dispute of material fact as to his conspiracy claim.**

To establish a viable conspiracy claim under § 1983, a plaintiff must demonstrate that "(1) the defendants reached an understanding or agreement that they would deny the plaintiff one of his constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1327 (11th Cir. 2015) (citing *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008)). A plaintiff must make particularized allegations that a conspiracy exists; vague and conclusory allegations suggesting a conspiracy are insufficient. *See Hansel v. All Gone Towing Co.*, 132 F. App'x 308, 309 (11th Cir. 2005) (citations omitted). Moreover, "merely string[ing] together" discrete acts of individuals fails to demonstrate the existence of a conspiracy. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).

Miller has failed to present any allegations or evidence sufficient to demonstrate that the defendants "reached an understanding or agreement" to violate his constitutional rights. Although he repeatedly states that the defendants "conspired against him" and that there was a "conspiracy against [him]" (Doc. 1 at p. 5), those allegations are far too vague and conclusory to support a conspiracy claim. *See Hansel*, 132 F. App'x at 310 (finding plaintiff's allegation that defendants "participated in a civil conspiracy" insufficient). The rest of his allegations—that one or both of the defendants told a nurse in the infirmary that he was a homosexual, "protest[ed]

5

[his] parole," hired unidentified inmates "to watch [him] 24 hrs. a day whenever [he] took a bath," "told other officers that [he] was using drugs," and "shined a blue light" on him while he was in the shower—are simply a string of discrete acts that fail to demonstrate the existence of a conspiracy. *See Harvey*, 949 F.2d at 1133. Moreover, in response to the defendants' sworn denials that they engaged in a conspiracy to violate his rights (Docs. 15-1 at p. 1; 13-2 at p. 2), Miller fails to provide any competing evidence of a conspiracy. Instead, he simply reiterates some—but not all—of the same discrete acts alleged in the complaint. (Doc. 19). Because Miller has failed to demonstrate that the defendants reached any understanding or agreement to deny him of his constitutional rights, summary judgment is due to be entered against him on his claim for conspiracy.

      **B.**    **Miller's slander claim fails as a matter of law.**

To the extent Miller seeks relief based on the defendants' alleged slander against him, "the law is well settled that a 42 U.S.C. § 1983 action cannot be predicated upon the theory of slander, defamation[,] or libel." *Thompson v. Barbour Cnty. Sheriff's Dep't*, No. 2:08-cv-932, 2009 WL 89284, at *2 (M.D. Ala. Jan. 12, 2009) (citing *Paul v. Davis*, 424 U.S. 693 (1976) and *Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990)). Indeed, the Eleventh Circuit has specifically recognized that "claims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action." *Charles v. Scarberry*, 340 F. App'x 597, 599-600 (11th Cir. 2009) (citing *Paul*, 424 U.S. 693). Thus, even accepting Miller's version of events as true, his purported slander claim is nonetheless "based on an indisputably meritless legal theory," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and summary judgment is due to be entered in favor of the defendants.

### C. Miller has failed to establish a genuine dispute of material fact as to his sexual harassment claim.

Miller alleges that Defendant Jenkins "shined a blue light in the shower sexually harassing [him] while [he] was in the shower bathing." (Doc. 1 at pp. 5-6). He additionally asserts that this conduct lasted "about 15 minutes." (Doc. 19 at p. 2). In *Sconiers v. Lockhart*, 946 F.3d 1256 (11th Cir. 2020), the Eleventh Circuit addressed the standard for a sexual assault claim under the Eighth Amendment:

> The Eighth Amendment, among other things, prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. As the Supreme Court has explained, "the unnecessary and wanton infliction of pain" qualifies under the Eighth Amendment as proscribed "cruel and unusual punishment." *Hudson v. McMillian*, 503 U.S. 1, 5[] (1992). Nevertheless, the Supreme Court has instructed that what rises to the level of an "unnecessary and wanton infliction of pain" differs based on the type of Eighth Amendment violation alleged. *Id*.
>
> Since [plaintiff] asserts ... sexual-assault claims, "the core judicial inquiry" requires us to consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins* [*v. Gaddy*], 559 U.S. [34, 37 (2010)] (citation and quotation marks omitted). This standard requires a prisoner to establish two elements—one subjective and one objective: the official must have both "acted with a sufficiently culpable state of mind" (the subjective element), and the conduct must have been "objectively harmful enough to establish a constitutional violation." *Hudson*, 503 U.S. at 8[] (cleaned up).

*Id*. at 1265. Other courts have routinely held that sexual harassment devoid of any contact or touching does not violate the Eighth Amendment. *See, e.g., Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation were not sufficient to state a claim under the Eighth Amendment); *Zander v. McGinnis*, 156 F.3d 1234 (6th Cir. 1998) (allegations that prison official mouthed "pet names" at prisoner for ten months failed to state an Eighth Amendment claim).

Even accepting Miller's version of events as true—that Defendant Jenkins on a single occasion shined a light on him while he showered—the alleged conduct would not rise to the level of an Eighth Amendment violation.  It is unclear from the relatively vague and conclusory pleadings whether the conduct was done in a harassing manner or for an illegitimate purpose. Even assuming it was, and though unprofessional and no cause for commendation, it simply does not constitute the type of unnecessary and wanton infliction of pain required to support an Eighth Amendment claim.  *See, e.g., Sinkfield v. Culliver*, No. 03-0432, 2005 WL 2665348, at *6 (S.D. Ala. Sept. 28, 2005) (officers' "constant and intrusive" observation of inmate in the shower did not rise to the level of an Eighth Amendment violation); *see also Allen v. McDonough*, No. 4:07-cv-469, 2011 WL 4102525, at *5-6 (N.D. Fla. Aug. 17, 2011) (officer's sexual comments and gesture made to inmate during inmate's shower did not rise to the level of an Eighth Amendment violation).

There is nothing in the record to suggest that Defendant Jenkins acted maliciously and sadistically to cause Miller harm or that her conduct, which allegedly occurred only once and caused no discernable physical harm, was "severe or repetitive."  *See Sconiers*, 946 F.3d at 1267 ("[Our previous] holding that 'severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment,' remains good law.") (citing *Boxer X v. Harris*, 437 F.3d 1107 (11th Cir. 2006)); *see also Diamond v. Smith*, No. 5:21-cv-378, 2022 WL 4097333, at *5 (M.D. Ga. Sept. 7, 2022) ("*Sconiers* only abrogated existing precedent to the extent the lack of a serious injury is no longer fatal to an Eighth Amendment claim when an inmate alleges she is sexually abused by a correctional officer. That abuse, however, must still be 'severe or repetitive' to constitute a violation of the Eighth Amendment.").  Defendant Jenkins therefore is entitled to summary judgment on Miller's claim for sexual harassment.

**D. Miller has failed to establish a constitutional violation based on his alleged inability to send or receive mail.**

Miller further states vaguely that he was "denied to mail out letters or receive mail since March of 2020." (Doc. 1 at p. 6). He reiterates in his response that his "mail was held or actually cut off." (Doc. 19 at p. 1). Construing those *pro se* allegations liberally, they could be interpreted as attempting to state a Fourteenth Amendment access to the courts claim. However, to the extent Miller might be attempting to proceed on such a claim, he has failed to establish a genuine dispute of material fact.

First, he does not identify the individual(s) who allegedly denied him the opportunity to send or receive mail. The defendants each aver that they were not assigned to the shift responsible for passing out mail and that they have never denied Miller the opportunity to send or receive mail. (Docs. 13-2 at p. 1; Doc. 13-3 at p. 2; Doc. 15-1 at p. 2; Doc. 17-1 at p. 1; Doc. 17-2 at p. 1). Miller has offered nothing to refute the defendants' evidence in that regard. *See* Fed. R. Civ. P. 56(e)(2)-(3) (providing that, if the nonmovant "fails to properly address another party's assertion of fact as required by Rule 56(c)," then the court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it"). Second, Miller neither alleges nor provides any evidence to support that he suffered a "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case" resulting from his alleged inability to send or receive mail. *See Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 850 (11th Cir. 2008) (quoting *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008)); *Juiffre v. Broward Sheriff's Off.*, 717 F. App'x 886, 888 (11th Cir. 2017). Accordingly, summary judgment is due to be entered for the defendants on any claim regarding access to the courts.

     **E.    To the extent Miller purports to bring any state law claims, the court should decline to exercise supplemental jurisdiction.**

Finally, the court notes that Miller cites various Alabama statutes in his complaint. (Doc. 1 at pp. 6-7). However, because Miller has failed to establish a viable § 1983 claim, the court should decline to exercise supplemental jurisdiction over any state law claims that Miller might be attempting to assert. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); *Arnold v. Tuskegee Univ.*, 212 F. App'x 803, 811 (11th Cir. 2006) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims.") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law.").

**V.    Conclusion**

For the reasons stated above, the undersigned Magistrate Judge hereby **RECOMMENDS** as follows:

1. that the defendants' Special Report and Answer (Doc. 13), which is construed as a motion for summary judgment, be granted in favor of the defendants on all claims; and

2. that this case be dismissed.

It is **ORDERED** that any objections to this Recommendation must be filed by August 9, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 26th day of July 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**